UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LEO ADAMS, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 4:08-CV-73 (CEJ) |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM**

This matter is before the Court upon the third amended motion [Doc. # 5] of Leo Adams to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Adams also requests a hearing. The United States has filed a response addressing the merits of the motion.

I. **Background**

An indictment charged Adams, Carl Parker, and thirteen other individuals with conspiracy to distribute and possess with intent to distribute cocaine base, cocaine, and heroin, in violation of 21 U.S.C. § 846 (the "Lee conspiracy"). Adams and Parker were the only defendants who proceeded to trial. A jury found both of them guilty. Adams was sentenced to a 360-month term of imprisonment. His conviction was affirmed on appeal, but the case was remanded for re-sentencing in light of United States v. Booker, 543 U.S. 220 (2005). United States v. Adams, 401 F.3d 886 (8th Cir. 2005) (Adams I). On appeal following remand, the judgment was affirmed. United States v. Adams, 451 F.3d 471 (8th Cir. 2005)(Adams II).

II. **Discussion**

Adams asserts eight grounds for relief in his motion to vacate. Four of the grounds are based on claims of ineffective assistance of trial and appellate counsel. The relevant facts will be set forth in the discussion of each ground.

### A. Ineffective Assistance of Counsel (Grounds One through Four)

To prevail on a claim of ineffective assistance of counsel, a movant must show that his attorney's performance fell below an objective standard of reasonableness and that he was prejudiced thereby. Strickland v. Washington, 466 U.S. 668, 687 (1984). In order to show prejudice, the movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. The failure to show prejudice is dispositive and a court need not address the reasonableness of counsel's performance in the absence of prejudice. United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996).

#### 1. Evidence derived from electronic surveillance (Ground One)

During the course of its investigation of the Lee conspiracy, the government conducted electronic surveillance which included audio recordings of telephone conversations of the co-conspirators. Some of the recordings were admitted into evidence at the trial. The government also conducted electronic surveillance in its investigation of another, separate conspiracy involving Joseph and Edward Serrano (the "Serrano conspiracy"). The recordings from the Serrano investigation were not presented at trial. However, the government presented the testimony of two witnesses---Will Adams and Randall Jackson---who had been involved in the Serrano conspiracy. These witnesses testified to Adams' participation in heroin distribution with

the Serrano brothers prior to his involvement in the Lee conspiracy. Their testimony was received under Rule 404(b) of the Federal Rules of Evidence. The government also called Earnest Williams, who testified about a heroin transaction he conducted at Adams' request in June 2001. The government was not permitted to elicit testimony from Williams about his and Adams' involvement with the Serrano brothers.

Adams contends that the testimony of Will Adams, Jackson and Williams was derived from the electronic surveillance conducted in the Serrano case. Therefore, he argues, his attorney should have sought exclusion of the testimony on the ground that the government failed to comply with the notice requirement of 18 U.S.C. § 2518(9).

In relevant part, § 2518(9) provides:

> The contents of any wire, oral, or electronic communication intercepted pursuant to this chapter or evidence derived therefrom shall not be received in evidence or otherwise disclosed in any trial, hearing, or other proceeding in a Federal or State court unless each party, not less than ten days before the trial, hearing, or proceeding, has been furnished with a copy of the court order, and accompanying application, under which the interception was authorized or approved.

The purpose of this notice requirement is to allow an "aggrieved person" the opportunity to move to suppress the wiretap evidence. See United States v. Caro, 965 F.2d 1548, 1554 (10th Cir. 1992) (*citing*, S.Rep. No. 1097, 90th Cong., 2d Sess. 105-06 (1968), reprinted in 1968 U.S.C.C.A.N. 2112, 2195). Adams' attorney did file a motion to suppress electronic evidence, but did not base the motion on the notice provision of § 2518(9).

Adams does not contend that the Serrano recordings were presented during the trial or that the three witnesses testified about the "contents" of the recordings. Indeed, the incidents the witnesses testified about were those they personally observed----not matters that would have been captured by a wiretap. Rather, Adams

appears to contend that because the witnesses were identified in the Serrano wiretaps their testimony was "derived" from that surveillance. Adams' contention is based on an unreasonable interpretation of the statute. Moreover, he offers no legal support for such an interpretation. Because Adams has not shown that he was entitled to the notice required by § 2518(9), he cannot establish that he was prejudiced by his attorney's failure to seek exclusion of the witnesses' testimony. See United States v. Tyler, 42 Fed. Appx. 186, 195 (10th Cir. 2002) ("In order to justify the reversal of a conviction, the violation of § 2518(9) must have caused the defendant prejudice."). See also United States v. Winter, 663 F.2d 1120, 1154 (1st Cir. 1981), *abrogated on other grounds by* Salinas v. United States, 522 U.S. 52 (1997).

### 2. Evidence from Serrano investigation (Ground Two)

Adams next claims that his attorney was ineffective for failing to seek discovery of evidence from the Serrano case for use in cross-examining witnesses Will Adams and Randall Jackson. In his affidavit, defense counsel states that he did request the investigative and electronic surveillance material from the Serrano case. But, his efforts were "thwarted" by the government's insistence that there was no direct correlation between the Lee and Serrano conspiracies. Thus, defense counsel employed a different strategy: he sought to exclude any evidence concerning the Serrano conspiracy that the government intended to offer under Rule 404(b). The motion in limine to exclude the evidence was denied.

Even if the Court were to find that defense counsel's failure to obtain the Serrano evidence fell below an objective standard of reasonableness, there has been no showing of prejudice. Adams has not identified any evidence in the Serrano case that would have aided in his defense. Moreover, he has not shown that, but for

–4–

counsel's failure to obtain this evidence, there is a reasonable probability that the outcome of the trial would have been different. Accordingly, Adams is not entitled to relief on this claim.

### 3. Recordings of telephone conversations (Ground Three)

Adams next claims that he was denied effective assistance of counsel by his attorney's failure to provide him with the recordings of intercepted telephone conversations that took place on June 14, 2001. He asserts that his inability to listen to the actual recordings impeded his defense. Specifically, he states that he could have "alerted counsel to the fact that he was not involved in a phone conversation on June 14, 2001" if the recordings had been provided to him.

Adams does not dispute defense counsel's sworn statement that he "specifically remember[s] recording these tapes and playing them for Leo Adams."[1] It is also undisputed that defense counsel provided the transcripts of the recordings to Adams. Thus, Adams knew the content of the conversations and who the purported participants were. The transcripts alone were sufficient to enable him to "alert" his attorney that he was not a party to the conversations. Adams does not explain in what way the transcripts were "inadequate," nor does he explain in what way the actual recordings would have aided him in his defense. Therefore, the Court finds that Adams has not shown that he was prejudiced.

### 4. Motion to suppress wiretap evidence (Ground Four)

Before trial, Adams and his co-defendants filed motions to suppress evidence obtained by electronic surveillance and by search warrants and to suppress

---

[1] In his affidavit, defense counsel states that he cannot locate any documents that support his recollection.

statements. Following a series of evidentiary hearings, a magistrate judge recommended that the motions be denied. See United States v. Maurice Lee, et al., Case No. 4:01CR441 (CEJ), Memorandum and Order and Report and Recommendation of United States Magistrate Judge, filed June 10, 2002, and Memorandum and Order and Report and Recommendation of United States Magistrate Judge, filed July 29, 2002 (Doc. Nos. 364 and 385). The Court overruled the defendants' objections and adopted the magistrate judge's recommendations. In the brief filed on appeal, Adams' attorney argued that the testimony of Williams, Jackson and Will Adams should have been excluded because of the government's failure to comply with the ten-day notice requirement of 18 U.S.C. § 2518(9). The Court of Appeals declined to address this issue, however, because Adams' counsel failed to offer any supporting argument or citation to authorities and pertinent parts of the record, as required by Fed.R.App.P. 28(a) (9). Adams I, 401 F.3d at 900. Adams now contends that he was denied effective assistance as a result of his attorney's failure to challenge the denial of his motion to suppress electronic surveillance evidence on appeal.

The Court of Appeals reviews the denial of a motion to suppress de novo, "but review[s] the underlying factual determinations for clear error, giving due weight to the inferences of the district court and law enforcement officials." United States v. Coleman, 349 F.3d 1077, 1083 (8th Cir. 2003), *cert. denied*, 541 U.S. 1055 (2004). See also United States v. Nguyen, 608 F.3d 368 (8th Cir. 2010). To establish prejudice, Adams must show a reasonable probability that the order denying his motion to suppress would have been reversed by the Court of Appeals under this standard of review.

For the reasons discussed above, Adams was not entitled to the notice required by § 2518(9), because neither the recordings nor any evidence derived therefrom was introduced at his trial. Thus, he cannot establish prejudice resulting from his attorney's failure to present this non-meritorious claim to the appellate court. Apart from that, however, Adams has not pointed to any factual or legal error in the denial of his motion to suppress electronic surveillance evidence. Although his attorney asserted a number of grounds in support of suppression, Adams has not shown a reasonable probability that any of these grounds would have been successful on appellate review.

B. <u>Brady Violation</u> (Ground Five)

In his fifth ground for relief, Adams claims that the government violated its duty to disclose evidence favorable to the defense by failing to provide him discovery materials from the Serrano case. See <u>Brady v. Maryland</u>, 373 U.S. 83 (1963). "There are three components of a true <u>Brady</u> violation: The evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued." <u>Strickler v. Greene</u>, 527 U.S. 263, 281-82 (1999). To establish prejudice, a movant must show "that there is a reasonable probability that the suppressed evidence would have produced a different verdict." <u>Id</u>. at 281.

Adams contends that evidence from the Serrano case would have been favorable to his defense, but he has not identified what that evidence was. He also fails to show how the Serrano evidence would have aided in the cross-examination of any witness.[2] A <u>Brady</u> violation cannot be supported by mere speculation. United

---

[2]Adams points to his appellate brief in which his attorney wrote that he could not effectively cross-examine Will Adams and Jackson without the discovery material from

–7–

States v. Gary, 341 F.3d 829, 833-34 (8th Cir. 2003). Because Adams has not shown that any withheld evidence would have produced a different verdict, he is not entitled to relief on his Brady claim.

### C. Failure to Disclose Evidence (Ground Six)

Adams's sixth ground for relief is that the government failed to disclose investigative reports, electronic surveillance affidavits and wire interceptions pertaining to the conspiracy charged in the indictment. As reflected in the record of the criminal case, the government did provide discovery to Adams, including witness statements and materials related to the investigation. See Memorandum and Order and Report and Recommendation of United States Magistrate Judge, filed July 29, 2002, in Case No. 4:01CR441(CEJ). Adams has not identified any information or evidence that was not disclosed to him or that was improperly withheld by the government. Therefore, he is not entitled to relief on this claim.

### D. Mischaracterization of Evidence (Ground Seven)

In his seventh ground for relief, Adams asserts that the government mischaracterized the recordings of intercepted telephone conversations on June 14, 2001, including a three-way conversation that purportedly involved Charles Anthony Rush-Bey, Parker and Adams. The government presented testimony identifying the speakers in these conversations, and offered the recordings to show Adams' agreement to join the conspiracy. The government also presented evidence that later in June 2001, Earnest Williams, acting at Adams' instruction, picked up 40 ounces of heroin and provided a sample to Parker. After Parker rejected the heroin as poor

---

the Serrano case. The Court has examined the brief and finds that it contains no identification of the discovery that counsel claims he needed nor any explanation of how the lack of this discovery impaired his cross-examination of the witnesses.

quality, Williams returned it to Adams' son. An expert witness for the government testified that the conversations showed that Parker was acting as a middleman in brokering a heroin transaction between Rush-Bey and Adams. The expert witness also testified that 40 ounces of heroin was a distributable amount.

Adams argues that there is evidence supporting his claim that he was not involved in the telephone conversations or in the "40-ounce" deal. Specifically, Adams points to a DEA investigative report showing that another individual (Michael Burgess) obtained heroin from Rush-Bey and was approached in July 2001 to broker a 40-ounce heroin transaction. He also points to an affidavit in support of a wiretap application which mentions a June 16, 2001 telephone conversation in which Rush-Bey states that he has "40 of them out the door." Finally, he points to Williams' testimony that he may have been mistaken in his identification of Adams' voice on the June 14 recording.

It cannot be said that the government engaged in mischaracterization simply because other evidence exists that may cast doubt on the government's evidence or call the government's interpretation of that evidence into question. At trial, Adams exercised his right to challenge the government's evidence and to argue for a different interpretation of that evidence. Further, the jury listened to the recordings and had the opportunity to determine the meaning of the conversations and the identity of the participants. Adams has not shown that he is entitled to relief on this claim.

### E. Violation of Due Process (Ground Eight)

Adams' final claim is that the evidence pertaining to the Serrano conspiracy dominated the trial such that the jury was led to convict him of that offense instead of the conspiracy charged in the indictment. The evidence he complains of was properly admitted under Rule 404(b). Adams I, 401 F.3d at 899. Additionally, the Court of

Appeals held that "the probative value of the evidence of [Adams'] involvement in the Serrano conspiracy [was] not substantially outweighed by the danger of unfair prejudice." Id. (citation omitted). The appellate court further wrote, "[w]e do not believe that the testimony was 'so inflammatory on [its] face as to divert the jury's attention from the material issues in the trial.'" Id. at 900 [quoting United States v. Shoffner, 71 F.3d 1429, 1430 (8th Cir. 1995)]. Finally, as the Court of Appeals noted, the jury was instructed on the proper use of the evidence. Id. Adams is not entitled to relief on this claim.

### III. Conclusion

For the foregoing reasons, the Court concludes that motion and the files and records of this case show that Adams is not entitled to relief under 28 U.S.C. § 2255 based on any of the claims he asserts in the motion. Therefore, the motion will be denied without a hearing. Additionally, the Court finds that Adams has not made a substantial showing of the denial of a constitutional right. Therefore, the Court will not issue a certificate of appealability. See 28 U.S.C. § 2253.

An appropriate Order will accompany this Memorandum.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 7th day of March, 2011.